UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 17-20593 |
| | Honorable Laurie J. Michelson |
| v. | |
| MIRAM JORDAN, | |
| Defendant. | |

## ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE [26]

Miram Jordan pleaded guilty to possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c). In connection with this plea, he admitted that he possessed for sale approximately 18 individually-packaged baggies of crack cocaine, as well as a Glock firearm to facilitate this drug trafficking. (ECF No. 22, PageID.63.) At sentencing, the Court acknowledged Jordan's supportive upbringing, his vocational skills, and his four young children that he is close with. He was ultimately sentenced to the mandatory minimum 60 months' imprisonment. (ECF No. 24.)

Jordan is presently housed at the Federal Correctional Institute in Ashland, Kentucky. (ECF No. 26, PageID.103.) He has a release date of August 25, 2022. *See Find an Inmate*, Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited October 13, 2020). But Jordan would like to be released now "so [he] can stay safe from COVID-19, go home and take care of [his] kids and start [his] life over with gainful employment."

(ECF No. 26, PageID.103.) While laudable, these goals do not warrant compassionate release.

"[O]nce a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (quoting *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). As amended by the First Step Act, and upon exhaustion of administrative remedies or the lapse of 30 days from the receipt by the warden of a request for compassionate release, 18 U.S.C. § 3852(c)(1)(A)(i) allows a court to reduce an inmate's sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) the reduction would be "consistent with any applicable policy statements issued by the Sentencing Commission," and (3) the applicable sentencing factors under § 3553(a) warrant a reduction.

The statutory exhaustion requirement is mandatory. *See United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). It has been satisfied here as Jordan submitted a request to the warden for compassionate release on August 29, 2020, which was denied. (ECF No. 26, PageID.105.)

But Jordan has not demonstrated an "extraordinary and compelling reason" to justify his early release.

The commentary to U.S.S.G. § 1B1.13, adopted before the enactment of the First Step Act, identifies the following "extraordinary and compelling" circumstances: (A) terminal illness diagnoses or serious medical, physical, or mental impairments from which a defendant is unlikely to recover, and which "substantially diminish" the defendant's

2

capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least 10 years or 75 percent of his sentence; (C) family-related circumstances; or (D) "Other Reasons." U.S.S.G. § 1B1.13 cmt. n.1(A)-(D).

Jordan is 28 years old. He has not identified any health issues, let alone any conditions identified by the Centers for Disease Control and Prevention as putting people at increased risk for severe illness from COVID-19. His main contention is that he would be safer from the coronavirus if released. (ECF No. 26, PageID.101.) While understandable, "An inmate's generalized fear of contracting Covid-19, without more, does not rise to the level of an extraordinary and compelling circumstance." *United States v. Urrabazo-Maldonado*, No. 20-3727, 2020 U.S. App. LEXIS 29873, at *4 (6th Cir. 2020) (Order); *see also United States v. Raia*, 954 F.3d 594, 2020 WL 1647922, at *2 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Peaks*, No. 16-20460, 2020 U.S. Dist. LEXIS 80397, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020) (a "generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release identified by the Sentencing Commission.").

Likewise, Jordan's desire to go home to be with his children and start a new job bodes well for his future, but it too is not unique or extraordinary. *See United States v. Schnabel*, No. 17-cr-169, 2020 U.S. Dist. LEXIS 115970, at *12 (S.D. Ohio, July 1, 2020) (recognizing that "incarceration of many inmates poses a hardship to their families" and

such hardship is not an extraordinary circumstance); *United States v. Turner*, No. 16-cr-192, 2020 U.S. Dist. LEXIS 97896, at *8 (D.N.D. June 4, 2020) ("The desire to be home with one's family does not constitute 'extraordinary and compelling reasons' that would warrant a sentence reduction.").

Lastly, Jordan's motion makes no mention of the Section 3553(a) factors or why they would support his early release.

Thus, Jordan's motion for compassionate release is DENIED WITHOUT PREJUDICE. The Court does hope, however, that the BOP will consider Jordan for release to home confinement at the earliest possible date.

IT IS SO ORDERED.

Dated: October 14, 2020

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE